### . 9411

### J. C. LYNCH & SON v. CUSAAC.
#### (89 S. E. 392.)

APPEAL AND ERROR—REVIEW—CONCLUSIVENESS OF VERDICT.—In an action for value of merchandise delivered to a third person on defendant's written order, which was ambiguous in its terms, and the meaning of which must be determined from extraneous evidence, including the previous course of dealings of the parties with respect to similar transactions, *held* the finding of the jury on such evidence was con‌clusive on appeal.

Before DeVore, J., Florence, November, 1914. Affirmed.

Action by J. C. Lynch & Son against J. C. Cusaac. Judgment for plaintiff, and defendant appeals.

*Mr. Charles E. Early,* for appellant, cites: *As to construction of contract:* 20 Cyc. 1424. *Acceptance of guaranty:* 43 S. C. L. (9 Rich.) 335.

*Messrs. Whiting & Baker,* for respondents, cite: 71 S. C. 293.

June 30, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In January, 1912, Smith, a tenant of defendant, presented to plaintiffs, merchants at Cowards, an order, signed by defendant, as follows:

"Let Will Smith have one hundred dollars—fifty dollars in fertilizer and fifty dollars in groceries—and take a lien for it."

Plaintiffs took the lien and filled the order. The account not being paid, plaintiffs sued defendant thereon in the Court of a magistrate. Defendant's contention was that the order was intended merely as a waiver of his landlord's

lien on the crops of Smith for rent. Plaintiffs testified that, in previous similar transactions, defendant settled the accounts. This was denied by defendant, who testified also that he did not collect any rent from Smith in 1912, waiting for plaintiffs to collect their account. The magistrate gave judgment for plaintiffs, which was affirmed on appeal to the Circuit Court.

As the terms of the order were ambiguous, the intention of the parties was determined by extraneous evidence, to wit, their previous course of dealing with respect to similar transactions. Their intention, therefore, depended not solely upon a proper construction of the order, which would be a question of law, reviewable here, but also upon the inferences of fact to be drawn from the previous course of dealing in regard to similar transactions, which makes the decision rest upon questions of fact which are not reviewable here. As the judgment below is warranted by the evidence, and not influenced by any error of law, it must be affirmed.

Judgment affirmed.